UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| ANTWAINE LAVALE WILLIAMS, | Case No. 16-CV-3695 (DSD/FLN) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| STATE OF MINNESOTA, | |
| Respondent. | |

---

This matter is before the undersigned United States Magistrate Judge on petitioner Antwaine Lavale Williams's petition for a writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254.  *See* ECF No. 1.  The petition has been referred to this Court for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  This Court has conducted a preliminary review of Williams's habeas petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  Based on that review, this Court recommends dismissal of Williams's habeas petition without prejudice for failure to exhaust state remedies.

The facts underlying the habeas petition are not crystal clear.  It appears that, due to a previous conviction in state court, Williams was subject to a custodial arrangement that allowed him to be released in order to attend work, subject to certain conditions.  Among those conditions included that Williams not return home and that he abstain from the use of alcohol.  Williams admitted to doing both of these things, and his "probation" (or, perhaps more accurately, his permission to leave jail on periodic work release) was revoked for a period of 30 days.

Williams seeks habeas corpus relief from that probation revocation, but the legal grounds upon which he seeks such relief, like the facts underlying the revocation, are also unclear. For example, Williams alleges that the warrant upon which he was arrested was "bogus," Petition at 5, but he does not explain with any degree of clarity how that warrant was deficient or how his seizure may have been in violation of the Fourth Amendment. Similarly, Williams objects that he was not "fully aware of [his] constitutional rights," *id.* at 6, but he fails to allege which specific constitutional rights were not explained to him during the underlying state-court proceedings.

In any event, a federal court cannot entertain a habeas corpus petition filed by a state prisoner unless the prisoner has exhausted all available state court remedies for all of his claims. *See* 28 U.S.C. § 2254(b) and (c). To satisfy the exhaustion of state court remedies requirement, the prisoner must show that all of his federal constitutional claims have been fairly presented to, and decided on the merits by, the highest available state court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). This requirement is explained by the United States Supreme Court as follows:

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. To provide the State with the necessary opportunity, the prisoner must fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim.

*Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations and quotations omitted). "A petitioner meets the fair presentation requirement if the state court rules on the merits of his claims, or if he presents his claims in a manner that entitles him to a ruling on the merits." *Gentry v. Lansdown*, 175 F.3d 1082, 1083 (8th Cir. 1999).

The matter of the revocation of Williams's probation is currently pending on direct appeal before the Minnesota Court of Appeals.[1] Neither that court, nor the Minnesota Supreme Court, has had any opportunity whatsoever to consider the claims being raised in Williams's habeas petition. Until those courts have been fairly presented with his claims for relief and afforded an opportunity to rule on those claims, Williams may not pursue his claims in federal court. Accordingly, this petition should be dismissed without prejudice as Williams exhausts available state remedies.

Only two other matters merit further comment. First, having recommended dismissal of the habeas petition, this Court also recommends that Williams's applications to proceed *in forma pauperis* be denied. *See Kruger v. Erickson*, 77 F.3d 1071, 1074 n.3 (8th Cir. 1996).

Second, a habeas corpus petitioner proceeding under § 2254 cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the

---

[1] Williams admits to the pendency of his direct appeal in his habeas petition. *See* Petition at 2. The Court has examined the docket maintained by the Minnesota Court of Appeals and confirmed that the appeal before that court is, in fact, pending as of the date of this Recommendation. Should that appeal conclude unfavorably to Williams, he must thereafter seek review before the Minnesota Supreme Court.

district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In this case, it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would treat Williams's current habeas corpus petition differently than it is being treated here.  Williams has not identified, and this Court cannot discern, anything novel, noteworthy or worrisome about this case that warrants appellate review.  It is therefore recommended that Williams should not be granted a COA in this matter.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. The petition for a writ of habeas corpus of petitioner Antwaine Lavale Williams [ECF No. 1] be DISMISSED WITHOUT PREJUDICE for failure to exhaust state remedied.

2. The applications to proceed *in forma pauperis* [ECF Nos. 4 & 5] be DENIED.

3. No certificate of appealability be issued.

Dated: December 7 2016            *s/Franklin L. Noel*
                                  Franklin L. Noel
                                  United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.